DEREITMATTER *v.* DEREITMATTER.

Opinion delivered April 29, 1905.

PARENT AND CHILD—CUSTODY OF CHILDREN.—Children of divorced parents who are living with their mother and grandparents, and who are being reared ·in comfort, and educated and taught in the religious faith of their parents, will not be restored to the custody of the father if he has no home to take them to, and expects to place them in a convent.

Appeal from Pulaski Chancery Court.

THOMAS B. MARTIN, Judge.

Affirmed.

*J. H. Harrod* and *H. F. Auten,* for appellant.

The father is entitled to the custody of the children.    37 Ark. 30.

*Sam Frauenthal* and *E. M. Merriman,* for appellee.

In the absence of evidence that he or she is an unfit person, custody of children is usually awarded to the prevailing party. 14 Cyc. 807.

HILL, C. J.  Mrs. DeReitmatter was granted a divorce from her husband, the appellant, on the grounds of his drunkenness and cruel treatment.  She was awarded the custody of their three children, a boy aged 10 and two girls aged respectively 6 and 4.  This is an appeal from a second application to the chancery court to modify the decree so far as the custody of the children is concerned.  The appellant showed that he had abandoned the drink habit entirely, and that he was making ample money to comfortably care for and educate his children, and that he had great affection for them.  He claimed that their mother and her family were weaning the affection of his children from him, and teaching them to fear and dislike him.  The latter charge was met with contrary testimony, and the chancellor

evidently found the charge unsustained by a preponderance of the evidence, and in this he was correct. The mother showed that she was making her home with her parents in Faulkner County, and was working industriously to support her children, and it was shown that her father was in comfortable circumstances and a man of good standing. It was further shown that the mother and grandparents were greatly attached to these children, were raising them in comfort, educating them and rearing them in the religious faith of their parents.

The father conducted a meat market in Argenta, and had no home to take the children to, and expected to place all of them in a convent if their custody was awarded to him.

The chancellor denied the custody of the children to the father, but made an order that he be granted the custody of the boy the first week of each month, and that he be permitted to visit the children at his convenience as often as once a week. He appealed from that order.

The father would evidently care for his children well, and doubtless they would be well trained and educated in the convent he expected to put them in; but no other rearing could compensate for that found in a religious household presided over by a loving mother and affectionate grandparents.

The chancellor gave the appellant as fair an order as he was entitled to, and it is affirmed.